The opinion of the Court was delivered by

Mr. Justice Richardson.

The finding of the commissioner of special bail was, that the defendant, J. C. Robinson, had not rendered a' schedule- of all his effects; which finding was held to be conclusive at the trial. -And the true question is, was it competent for the commissioner so to decide.
*37 In a word, could the commissioner do more thaii leave tjie prisoner where he was found, upon a serious opposition being made to his taking the benefit of the prison bounds act. :
The act, P. L. 456, after directing the manner, time, arid notice required, before taking the.benefit of the act, before the judge, justice, or commissioner, proceeds at the end of the 4th clause, “ But if the plaintiff shall shew cause for disbelieving the prisoner’s oath or affirmation,' or shall desire further timé for information, the judge, justice, or commissioner of special bail have power to remand the prisoner and appoint another day,” &sc. And if on the second day, “ the plaintiff shall not appeal’, or shall be unable to prove that the prisoner’s .path or affirmation ought to be disbelieved, the judge, justice, or commissioner of special bail, after assignment made as aforesaid, Sec. shall discharge the prisoner.”
Here we find that the prisoner is to be discharged, only when the plaintiff does not appear, or is unable to discredit .the oath of the prisoner.
But if the plaintiff should appear, and can discredit the oath, as was the case in the instance before us, then no further power is given to the commissioner, and the prisoner of course remains in statue quo, i. e. within the bounds. The clause makes several modifications .and .alterations in the Insolvent Debtor’s Law, of 1759; and we come to the 9th clause, upon which this case depends, and is in these words, “ nor shall any prisoner be discharged, &ec. “ if,” &c. But wherever a prisoner shall be accused, Sec. “ of fraud,” &c. “ it shall be lawful for the judie or justice, before whom the prisoner Is brought, to direct a jury to be impannelled and sworn to determine the fact.”
Here the enquiry again occurs, what power is given to the commissioner of special bail? None: he is not named in the clause; but dropping all notice of him, the clause directs that it shall be lawful for the judge or justice before whom the prisoner is brought, to direct a jury to be impannelled and sworn to try the charge of a false return, &c.
At all events then, the commissioner had no power to decide that the schedule was false. By the 4th clause, he has power to discharge, if the plaintiff cannot shew that the prisoner’s oath ought to be disbelieved. But if this be shewn, the *38 commissioner is functus officio, and the case remains over to-be tried bj' a judge, or judge and jury. It would indeed be a Vast power conferred on a single commissioner of special bail,, were he to decide finally upon the fate of the prisoner in a complex case of fraud, or-upon important rights of creditors. No. appeal being given, his decision would be conclusive, and his power greater in this respect than is allowed to the judge.
But it is enough to say that no such power being expressly given to him, he cannot take, it by implication. The whole power given to the commissioner, appears then to be under the 4th- clause, by which he may discharge the prisoner, provided he is not satisfied that the prisoner’s oath ought to he disbelieved. If satisfied of this, his power ends, and the prisoner is given over to a higher tribunal. His ofiice is to enquire, in the first instance, which, in nine cases out often, will eventuate in the-discharge of the prisoner. But if he shotdd meet with a serious charge of fraud, he is stopped-
This view renders the act of ’88, an intelligable system, and although the 6th clause relates exclusively to insolvent debtors, yet it is evident that the 7th clause may relate to both the prison bounds acts, as well as to- the insolvent debtors’, and its. provisions will apply to both acts.
The motion for a new trial is therefore granted. —
Gantt. Huger, Cohock, Justices, concurred.